IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVID SIMS                                                                                                        PLAINTIFF

v.                                              Civil No. 6:19-CV-06034

SHERIFF JASON WATSON,                                            DEFENDANTS
CLARK COUNTY ARKANSAS,
and JAIL ADMINISTRATOR

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on March 22, 2019. (ECF No. 2). It was transferred to this District on March 27, 2019. (ECF No. 3). On March 28, 2019, the Court entered an Order directing Plaintiff to file an Amended Complaint, which he did on April 10, 2019. (ECF No. 9).

Plaintiff alleges Defendants failed to protect him while he was incarcerated in the Clark County Jail on November 16, 2018 "and previous." (*Id*. at 4). He alleges the heating system in the jail was not maintained, the ventilation was inadequate, and there were no carbon monoxide

detectors. (*Id*. at 8). As a result, Plaintiff was exposed to the "noxious fumes" of carbon monoxide which posed an "unreasonable risk of serious harm to Plaintiff's present or future health." (*Id*. at 4). He further alleges the fumes "affect[ed] his physical health and mental health." (*Id*. at 5-8). Plaintiff does not describe how his health was affected.

Plaintiff proceeds against all Defendants in their official and personal capacity. (*Id*. at 4). He seeks compensatory and punitive damages. (*Id*. at 10).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff fails to state a plausible conditions of confinement claim. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cty. of*

*Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury in order to receive compensation. This injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Here, Plaintiff fails to state a plausible conditions of confinement claim for two reasons. First, his vague allegations are insufficient to meet the objective prong of the test. He alleges only that the heating system was not maintained, the ventilation was inadequate, and there were no carbon monoxide sensors. Plaintiff does not identify what type of system was used for heat, what maintenance was lacking on the system, or how any alleged lack of maintenance was related to carbon monoxide emissions. Nor does he identify what was problematic about the ventilation, or how he knew there were no carbon monoxide sensors. Plaintiff also fails to describe any symptoms from his alleged exposure or provide any other indicia that he was actually exposed to carbon monoxide. *See Martin*, 780 F.2d at 1337 (even a *pro se* Plaintiff must allege specific facts sufficient to support a claim).

Second, Plaintiff does not allege that he suffered any actual physical injury from his alleged exposure to carbon monoxide. Instead, he alleges only that he was placed at risk of serious harm, and he vaguely claims that his health was in some unstated way "affected." Plaintiff does not describe any of the adverse health effects he allegedly suffered from.

Accordingly, Plaintiff fails to state a plausible conditions of confinement claim.

### IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE. The dismissal of this action should constitute a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of May 2019.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE